**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 14-4881**

───────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

SEAN F. MESCALL,

             Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., District Judge. (3:12-cr-00215-RJC-1)

───────────────

Submitted: October 29, 2015      Decided: December 14, 2015

───────────────

Before MOTZ and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

William Robert Terpening, NEXSEN PRUET, PLLC, Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean F. Mescall was convicted of: securities fraud, 15 U.S.C. §§ 78j(b), 78ff (2012), 17 C.F.R. § 240.10b-5 (2014); wire fraud, 18 U.S.C. § 1343 (2012); and money laundering, 18 U.S.C. § 1956(a)(1)(B)(i) (2012). The charges related to Mescall's operation of a Ponzi scheme through which he defrauded victims of approximately $1.5 million. He was sentenced to 168 months in prison for each offense. The sentences run concurrently. Mescall appeals, claiming that the prosecutions violated the Double Jeopardy Clause. We affirm.

I

On September 9, 2009, the Commodities Futures Trading Commission brought a civil action against Mescall, charging him with operating the Ponzi scheme. On September 16, 2009, the district court issued a preliminary injunction forbidding the movement of assets, appointing a receiver, and requiring Mescall to cooperate fully with the receiver. Mescall violated the preliminary injunction, and the court found him in contempt. The court stayed imposition of civil contempt sanctions and referred the matter to the U.S. Attorney for possible criminal contempt proceedings. Mescall was charged with and convicted of criminal contempt, in violation of 18 U.S.C. § 401(3) (2012).

Mescall subsequently was indicted for securities fraud, wire fraud, and money laundering. The charges pertained to

2

Mescall's operation of the Ponzi scheme.  Following a trial, Mescall was convicted on all counts.

II

Mescall contends that the instant convictions were for the same conduct as the criminal contempt conviction and thus obtained in violation of the Double Jeopardy Clause, U.S. Const. amend. V.  The Double Jeopardy Clause forbids "successive prosecutions for the same offense as well as the imposition of cumulative punishments for the same offense in a single criminal trial."  United States v. Shrader, 675 F.3d 300, 313 (4th Cir. 2012) (internal quotation marks omitted).  Under Blockburger v. United States, 284 U.S. 299 (1932), "successive prosecutions do not violate the Double Jeopardy Clause if each offense contains an element not contained in the other."  United States v. Hall, 551 F.3d 257, 267 (4th Cir. 2009) (internal quotation marks omitted).

Here, application of the Blockburger test compels the conclusion that there was no double jeopardy violation. Criminal contempt has as an element the willful violation of a court order, United States v. Allen, 587 F.3d 246, 255 (5th Cir. 2009), while the other offenses do not.  Additionally, wire fraud contains an element — use of a wire communication, United States v. Wynn, 684 F.3d 473, 477 (4th Cir. 2012) — that criminal contempt does not; securities fraud contains an

3

element — engaging in fraud in connection with the purchase or sale of a security, 15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b-5 — that criminal contempt does not; and money laundering contains an element — a financial transaction designed to conceal proceeds of an unlawful activity, United States v. Cone, 714 F.3d 197, 214 (4th Cir. 2013) — that criminal contempt does not. We conclude that there was no double jeopardy violation.

III

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4